UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARION LEON BEA,

                Plaintiff,

-against-

DEF. JAM RECORDS; MONTELL JORDAN,

                Defendants.

19-CV-2208 (CM)

ORDER TO SHOW CAUSE

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*, asserting a claim of copyright infringement. By order dated March 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court orders Plaintiff, within 30 days, to show cause why the Court should not dismiss the action as untimely. The Court also denies Plaintiff's request for pro bono counsel.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Marion L. Bea, also known as Just G., alleges that in 1998 or 1999, he provided Defendant Def Jam Records with lyrics for his copyrighted song "Come Home," and Def Jam rewrote the song. (Compl. at 5.) He also alleges that Defendant Montell Jordan performed the rewritten song. (*Id.* at 6.) He seeks $10,000,000.00 in money damages.

Plaintiff filed two prior actions asserting claims of copyright infringement against Home Box Office (HBO) and Def Jam Records. *See Bea v. HBO*, No. 98-CV-0249 (AVB) (E.D. Va., filed Feb. 20, 1998); *Bea v. Def Jam Records*, No. 99-CV-1856 (TSE) (E.D. Va., filed Dec. 9, 1999). This Court does not have access to these complaints. On January 31, 1998, Judge Albert V. Bryan, Jr., granted Defendant HBO's motion for summary judgment, *see Bea*, No. 98-CV-0249 (AVB) (ECF Nos. 12-13), and on February 28, 2000, Judge T.S. Ellis, III, granted Def Jam Records' motion to dismiss without prejudice, *see Bea*, No. 99-CV-1856 (TSE) (ECF No. 12). This Court does not have access to the judicial opinions themselves.

On April 2, 2019, the Court received Plaintiff's "supplemental claim," in which he states that he "sent in 1998 . . . def jam copy of composition of lyrics with the song come home and artist Montel Jordan took the original idea of plaintiff song and rewrote the song." (ECF No. 5 at 1.) He seeks relief now "because the prior case was never adjudicated on the merits of law." (*Id.*)

## DISCUSSION

**A.      The Court directs Plaintiff to show cause why the action should not be dismissed as untimely**

Because Plaintiff asserts that Defendants infringed on his copyrighted material, the Court construes the complaint as asserting a claim under the U.S. Copyright Act (Copyright Act), 17 U.S.C. §§ 101 *et seq*. "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the

2

Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *see Urbont v. Sony Music Entm't*, 831 F.3d 80, 93 (2d Cir. 2016) ("[T]he Copyright Act preempts state law claims asserting rights equivalent to those protected within the general scope of the statute."). The Copyright Act became effective on January 1, 1978, "whether [works of authorship were] created before or after that date." § 301(a).

The statute of limitations for a copyright claim is three years. *See* 17 U.S.C. § 507(b). The Second Circuit has held that "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).

Plaintiff's claims arise under the Copyright Act. He therefore had three years from the date of discovering the infringement to file his claim. Plaintiff does not assert when Defendants infringed on his copyright, or when he learned of the infringement, but he states that he provided Def Jam Records with the copyrighted material in 1998. He also sued Def Jam Records in 1999.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v.*

3

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action may be time-barred. Plaintiff asserts that in either 1998 or 1999, he provided Def Jam Records with the lyrics of his song, suggesting that the infringement may have occurred around the same time. But because Plaintiff does not state when he learned of the infringement, the Court grants him 30 days to show cause why this action should not be dismissed as time-barred.

**B.     The Court directs Plaintiff to state why this action is not precluded based on his prior litigation**

Moreover, it appears that Plaintiff already litigated this copyright action; that is, he filed two prior copyright actions around the time that he provided Def Jam Records with the lyrics of his copyrighted song. These facts strongly suggest that the doctrines of claim preclusion or issue preclusion bar this repeat filing.

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original).

The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the

4

prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Plaintiff brought two prior actions, one against HBO and the other against Def Jam Records. The action against HBO was dismissed on summary judgment; the action against Def Jam Records was dismissed without prejudice. Because the action against Def Jam Records was dismissed without prejudice, it most likely was not decided on the merits. Thus, the doctrine of claim preclusion would not apply to that action. But because the Court does not have access to the decision dismissing the matter, the Court is unable to conclude what impact the decision would have on this case. Moreover, because it is unclear what relationship there is between HBO and Def Jam Records, if any, it is not clear whether the action against HBO precludes the action against Def Jam Records under either the doctrines of claim or issue preclusion.

Should Plaintiff submit a declaration regarding the timeliness of his claims, he also should state facts showing that his claims are not precluded based on his past litigation.

**C.     The Court denies without prejudice Plaintiff's request for pro bono counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is inclined to dismiss this action under the doctrine of claim preclusion and as untimely, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file a declaration that sets forth any facts showing that his claims are timely. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within 30 days of the date of this order, and label the document with docket number 19-CV-2208 (CM). A declaration form is attached to this order. No summons will issue at this time.

The Court dismisses Plaintiff's application requesting the appointment of counsel (ECF No. 3).

The Clerk of Court is directed to add as a defendant to the caption of the complaint, Montell Jordan.

If Plaintiff timely files a declaration, the Court will review it, and if proper, order service on the defendant. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss as barred under the doctrine of claim preclusion and as time-barred.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|