```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MARION LEON BEA,<br><br>      Plaintiff,<br><br>   -against-<br><br>DEF. JAM RECORDS, *et al.*,<br><br>      Defendants. | 19-CV-2208 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants infringed on his copyright. By order dated April 17, 2019, the Court directed Plaintiff to show cause by declaration why the action should not be dismissed as untimely. Plaintiff filed a declaration on April 29, 2019, and the Court has reviewed it. The action is dismissed as time-barred.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

# DISCUSSION

Plaintiff's claims arise under the Copyright Act. The statute of limitations for a copyright claim is three years. *See* 17 U.S.C. § 507(b). The Second Circuit has held that "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Plaintiff therefore had three years from the date of discovering the infringement to file his claim. But in the complaint, Plaintiff stated facts strongly suggesting that Defendants infringed on his copyright sometime in the late 1990s. Thus, by order dated April 17, 2019, the Court directed Plaintiff leave to show cause why the action was not untimely.

Plaintiff's declaration does not address the timeliness of this action. Rather, Plaintiff reasserts his underlying claim that Defendants infringed on his copyright, omitting any facts suggesting when they did so. In fact, he does not provide a timeline of the events underlying his claim.

Because Plaintiff does not assert in his complaint that Defendants infringed on his copyright within three years of his filing this action, and instead pleaded facts strongly suggesting that the alleged infringement occurred in the 1990s, it is clear from the face of the complaint that the action is time-barred. As Plaintiff failed to respond to the order of show cause by addressing the timeliness of this action, the Court dismisses the complaint as time-barred.

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 13, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge